IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBERT W. HARTNAGEL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:24-cv-2369-S-BN |
| | § | |
| MATTHEW YOUNG, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Plaintiff Robert W. Hartnagel, a resident of Dallas, Texas, filed a *pro se* complaint naming a single defendant, "Matthew Young, Highway Commissioner, Randolph County[, Illinois] Road District #2," in which Hartnagel alleges that he is the owner of "68.3 acres of rural investment property located near Chester, Illinois" and that a parcel of this land is subject to "[a] recent proposed eminent domain Fifth Amendment Takings Clause acquisition" and requests that this Court dismiss ongoing litigation in Illinois regarding the land dispute. Dkt. No. 3 (cleaned up); *see id.* (Hartnagel "has repeatedly advised both the [court in Illinois] and the private attorney who has assumed the role of representing the Plaintiff's interest in this lawsuit that extensive and entirely unavoidable limitations of age, health and compelling personal safety considerations had both, to that point and would continue to, prevent [Hartnagel] from traveling the 1,300-mile round trip from Dallas, TX to Chester, IL to participate in any litigation-related activities, and that for this reason, the entire Complaint should be dismissed with prejudice.").

The presiding United States district judge referred Hartnagel's lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

Hartnagel paid the statutory filing fee to bring this action and moves for an emergency restraining order and emergency injunction, *see* Dkt. Nos. 4 & 5, which the undersigned will construe as seeking a temporary restraining order ("TRO").

And the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should deny the request for a TRO and dismiss the complaint without prejudice.

**Discussion**

As "[a] TRO is simply a highly accelerated and temporary form of preliminary injunctive relief," "[t]o obtain a temporary restraining order, an applicant must show entitlement to a preliminary injunction." *Horner v. Am. Airlines, Inc.*, No. 3:17-cv-665-D, 2017 WL 978100, at *1 (N.D. Tex. Mar. 13, 2017) (cleaned up).

But granting a preliminary injunction "is an extraordinary remedy which requires the movant to unequivocally show the need for its issuance." *Valley v. Rapides Par. Sch. Bd.*, 118 F.3d 1047, 1050 (5th Cir. 1997) (citing *Allied Mktg. Grp., Inc. v. C.D.L. Mktg., Inc.*, 878 F.2d 806, 809 (5th Cir. 1989)).

So, to obtain preliminary injunctive relief, a movant must unequivocally "show (1) a substantial likelihood that he will prevail on the merits, (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted, (3) his threatened injury outweighs the threatened harm to the party whom he seeks to

enjoin, and (4) granting the preliminary injunction will not disserve the public interest." *Bluefield Water Ass'n, Inc. v. City of Starkville, Miss.*, 577 F.3d 250, 252-53 (5th Cir. 2009) (cleaned up); *accord Canal Auth. of State of Fla. v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974).

And the United States Court of Appeals for the Fifth Circuit "has repeatedly cautioned that [such relief] should not be granted unless the party seeking it has clearly carried the burden of persuasion on all four requirements." *Voting for Am., Inc. v. Steen*, 732 F.3d 382, 386 (5th Cir. 2013) (cleaned up).

Considering these legal standards, Hartnagel is not entitled to a TRO.

His allegations do not reflect that there is a substantial likelihood that he will prevail on the merits, which appear to be his request that a federal district court in Dallas, Texas dismiss ongoing litigation in Illinois concerning land in Illinois because it is difficult for Hartnagel to travel to Illinois.

And the Court may reasonably infer that the reason that Hartnagel filed such a lawsuit here is that he resides in Dallas. But Hartnagel's residing in this federal judicial district does not empower the Court to enjoin ongoing judicial proceedings in either an Illinois state or federal court where Hartnagel has sued one defendant: an Illinois state or local official and the underlying dispute concerns land in Illinois.

There may be several reasons why that's apparent. *See, e.g., Hatton v. Combs*, 793 F. App'x 801, 803 (10th Cir. 2019) (42 U.S.C. § 1983 "expressly disallows injunctive relief against a judicial officer 'for an act or omission taken in such officer's judicial capacity ... unless a declaratory decree was violated or declaratory relief was

unavailable.'" (citing *Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011))); *Kakalia v. Hawaii*, 808 F. App'x 582, 583 (9th Cir. 2020) (mem.) ("Dismissal of Kakalia's action" under Section 1983 "alleging constitutional claims arising out of the alleged improper taking of land in Hawaii" "for lack of subject matter jurisdiction under the local action doctrine was proper because Kakalia's action concerned real property in Hawaii over which the district court in the Central District of California had no jurisdiction." (citing *Eldee-K Rental Props., LLC v. DIRECTV, Inc.*, 748 F.3d 943, 946-47 (9th Cir. 2014))).

But the most straightforward reason may be that the Court lacks personal jurisdiction over the only named defendant because Hartnagel is "the only link between [that] defendant and [Texas]." *Walden v. Fiore*, 571 U.S. 277, 285 (2014).

Federal Rule of Civil Procedure 12(b)(2) provides for the dismissal of a non-resident defendant for lack of personal jurisdiction, a ground for dismissal typically raised by motion, but which "the district court may raise … *sua sponte*" – "so long as it [gives the plaintiff] an opportunity to address its concerns." *Hazim v. Schiel & Denver Book Publishers*, 647 F. App'x 455, 457 & n.3 (5th Cir. 2016) (citing *Sys. Pipe & Supply, Inc. v. M/V VIKTOR KURNATOVSKIY*, 242 F.3d 322, 323-24, 325 (5th Cir. 2001); footnote omitted).

The ability to file objections to these findings, conclusions, and recommendation (as further explained below) offers that opportunity here.

A federal district court may exercise personal jurisdiction over a nonresident defendant if (1) the long-arm statute of the forum state permits the exercise of

personal jurisdiction over the defendant and (2) the exercise of jurisdiction by the forum state is consistent with due process under the United States Constitution. *See Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 398 (5th Cir. 2009).

"As the Texas long-arm statute extends as far as constitutional due process allows, we only consider the second step of the inquiry." *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009).

Two types of personal jurisdiction may be exercised over a nonresident defendant: general and specific.

"General jurisdiction 'requires continuous and systematic forum contacts and allows for jurisdiction over all claims against the defendant, no matter their connection to the forum.'" *Zoch v. Magna Seating (Germany) GmbH*, 810 F. App'x 285, 288 (5th Cir. 2020) (quoting *In re Depuy Orthopaedics, Inc., Pinnacle Hip Implant Prod. Liab. Litig.*, 888 F.3d 753, 778 (5th Cir. 2018)).

So "it is 'incredibly difficult to establish general jurisdiction in a forum other than'" where a defendant is at home. *Seville v. Maersk Line, Ltd.*, 53 F.4th 890, 895 (5th Cir. 2022) (quoting *Frank v. P N K (Lake Charles) L.L.C.*, 947 F.3d 331, 337 (5th Cir. 2020)).

"Specific jurisdiction, on the other hand, demands a connection between the suit and the forum," *Zoch*, 810 F. App'x at 288 (citing *Bristol-Myers Squibb Co. v. Super. Ct. of Cal., S.F.*, 582 U.S. 255, 262 (2017)). Accordingly, it "focuses on the relationship among the defendant, the forum, and the litigation." *Seville*, 53 F.4th at 895 (quoting *Walden*, 571 U.S. at 284).

> In evaluating whether due process permits the exercise of specific jurisdiction, [courts in this circuit] consider
> > (1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable.
>
> If the plaintiff establishes the first two prongs, the burden shifts to the defendant to make a "compelling case" that the assertion of jurisdiction is not fair or reasonable.

*Carmona v. Leo Ship Mgmt., Inc.*, 924 F.3d 190, 193 (5th Cir. 2019) (quoting *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006); footnote omitted).

"For there to be minimum contacts, a defendant must have 'purposefully availed himself of the benefits and protections of the forum state' 'such that he should reasonably anticipate being haled into court there.'" *Id.* (quoting *Moncrief Oil Int'l Inc. v. OAO Gazprom*, 481 F.3d 309, 311 (5th Cir. 2007), then *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985) (quoting, in turn, *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980))).

"In other words, for specific personal jurisdiction to exist over [a nonresident defendant], there must be an affiliation between the forum and the underlying controversy." *Conti 11. Container Schiffarts-GMBH & Co. KG M.S., MSC Flaminia v. MSC Mediterranean Shipping Co. S.A.*, 91 F.4th 789, 794 (5th Cir. 2024) (cleaned up; quoting *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 359 (2021)).

This "constitutional touchstone" "ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or a third person." *Burger King*, 471 U.S.

at 474, 475 (cleaned up).

"That is, the plaintiff cannot supply 'the only link between the defendant and the forum.'" *Carmona*, 924 F.3d at 924 (quoting *Walden*, 571 U.S. at 285). "Rather, jurisdiction is proper only where the 'defendant *himself*' made deliberate contact with the forum." *Id.* (quoting *Walden*, 571 U.S. at 284 (quoting, in turn, *Burger King*, 471 U.S. at 475)).

And, here, where the Court is considering personal jurisdiction over a nonresident defendant based on the allegations of the complaint, "without conducting an evidentiary hearing, the plaintiff bears the burden of establishing only a *prima facie* case of personal jurisdiction." *Hazim*, 647 F. App'x at 457 (citing *Quick Techs., Inc. v. Sage Grp. PLC*, 313 F.3d 338, 343 (5th Cir. 2002); *Sys. Pipe & Supply*, 242 F.3d at 325).

"Nevertheless, the prima facie method does not require the court to credit conclusory allegations, unproven assumptions, generalizations or farfetched inferences." *Daniels Agrosciences, LLC v. Ball DPF, LLC*, No. CA 13-268 ML, 2013 WL 5310208, at *3 (D.R.I. Sept. 20, 2013) (citations omitted).

Under these standards, Hartnagel has not established a prima facie case of personal jurisdiction over the sole named defendant. And the Court should dismiss Hartnagel's complaint without prejudice.

### Recommendation

The Court should deny the construed request a temporary restraining order and *sua sponte* dismiss the complaint without prejudice under Federal Rule of Civil

Procedure 12(b)(2).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 20, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE